STRAKA and another, by guardian *ad litem*, vs. LANDER and wife, imp.

*February 21 — March 18, 1884.*

PRACTICE.   *(1) General guardian as guardian* ad litem.   *(2) Costs on motion.   (3) When order striking out demurrer affirmed:   (4, 5) Foreclosure of mortgage: Parties.*

1. A general guardian may be appointed guardian *ad litem*, and bring an action in the names of his wards to foreclose a mortgage which he holds in his own name as such general guardian.
2. When a demurrer is stricken out on motion costs on such motion not exceeding $10, may be absolute and not merely a condition of answering.
3. An order striking out a demurrer as frivolous, with leave to answer, will, on an appeal therefrom, be affirmed if the demurrer was not well taken.
4. In an action to foreclose a mortgage it was alleged that a tax deed of the premises had been issued to one of the defendants and that the plaintiffs had redeemed from the tax liens.  *Held*, that the municipality which issued the tax deed was not a necessary party. The questions of the validity of the deed or of the redemption could not be determined in that action.
5. But it being further alleged that the defendant to whom such deed was issued claimed an interest in the premises subsequent to the mortgage, he was a proper party.

APPEAL from the Circuit Court for *Brown* County.

Action to foreclose a mortgage given to one Paul Fox as guardian of the infant plaintiffs. Before the commencement of the action *Theodore Kemnitz* had succeeded Fox as the general guardian of said infants, and the mortgage and note secured thereby had been assigned to him. Other allegations of the complaint, so far as it is not in the ordinary form, are sufficiently stated in the opinion.

The defendants *W. J. Lander* and *Anna E. Lander*, his wife, demurred to the complaint on the grounds, among others, that the plaintiffs have not legal capacity to sue because it appears that the said *Theodore Kemnitz*, alone, as guardian, is the proper and only party plaintiff; that there is a defect of parties plaintiff because the general guardian is not made a party as such, and a defect of parties defendant because the city of Green Bay, which issued the tax deed to *W. J. Lander*, is not made a party, and because *W. J. Lander* and *Anna E. Lander* are made parties.

On motion the circuit court ordered the demurrer to be "stricken out as frivolous, with $10 costs to plaintiffs, and that said defendants have twenty days to plead over in the action." From that order said defendants appealed.

The cause was submitted for the appellants on the brief of *W. J. Lander*. He contended, *inter alia*, that it was error to make the payment of $10 costs absolute and not a condition of answering. The taxable costs would not exceed one fifth of the sum thus arbitrarily taxed without cost bill, notice, or hearing. It is only in cases where the appeal is from the judgment, after an order striking out the demurrer as frivolous, that, if the demurrer is not well taken though not frivolous, this court will sustain the judgment. *Sage v. McLean*, 37 Wis., 358; *Cobb v. Harrison*, 20 id., 625; *Decker v. Trilling*, 24 id., 610. The complaint setting forth a paramount title in *W. J. Lander*, shows that he and his wife are improperly joined as parties defendant. Neither their title

nor the plaintiffs right of redemption can be litigated in this case. *Strobe v. Downer*, 13 Wis., 12; *Pelton v. Farmin*, 18 id., 226; *Roberts v. Wood*, 38 id., 60; *Lewis v. Smith*, 9 N. Y., 502; Moak's Van Santv. Pl., 131; 1 Wait's Pr., 129; *Corning v. Smith*, 6 N. Y., 82; *McReynolds v. Munns*, 2 Keyes, 214.

*H. J. Huntington*, for the respondents.

COLE, C. J. This is a foreclosure action. The note and mortgage were given to the general guardian of *Joseph Straka* and *Anna Straka; Anna* having by marriage become *Anna Hammes*. *Joseph* and *Anna* are minors. The action is in their names, by *Theodore Kemnitz*, their guardian *ad litem*. *Kemnitz* had been appointed the general guardian of the infants, and the note and mortgage assigned to him. He was also appointed guardian *ad litem* to prosecute this suit. We fail to perceive any valid objection to the practice adopted, either in the appointment of the guardian *ad litem* or the method of bringing the suit. The court, or judge thereof, had authority under the statute to appoint the general guardian as guardian *ad litem*, if it was deemed proper to do so. Sec. 2613, R. S.; *Foster v. Hammond*, 37 Wis., 185. The person appointed as guardian *ad litem* is usually the general guardian, unless special reasons exist for appointing another person. See Story's Eq. Pl., § 58, and note 1.

The defendants *W. J. Lander* and *Anna*, his wife, demurred to the complaint on various grounds. This demurrer was, on motion, stricken out as frivolous, with $10 costs, and these defendants were allowed twenty days to plead to the action. The demurrer was clearly bad, and must have been overruled on argument. Such being the case, though the appeal was directly from the order, still the order must be affirmed within the decisions of *Diggle v. Boulden*, 48 Wis., 478, and *Lerdall v. Charter Oak Life Ins. Co.*, 51 Wis., 428. For, under the rule established in these cases, no distinction

Straka and another, by guardian ad litem, vs. Lander and wife, imp.

is made between an order striking out a demurrer as frivolous and one overruling it on argument. Costs could be allowed on the motion within the discretion of the court. Sec. 2924, R. S.

It seems unnecessary to notice in detail the several grounds of objection taken to the complaint on demurrer. Most of them are so obviously untenable as to require no comment whatever. The complaint, among other things, states that the mortgaged premises were, for the years 1876, 1877, 1878, and 1879, sold for the taxes of those years respectively, and that a tax deed was issued to the defendant *W. J. Lander*, upon the tax certificate issued upon the sale of 1877. There is also an allegation that the plaintiffs have redeemed from the tax liens by depositing with the treasurer of the city of Green Bay the sum of $89.62. Now, it is said the city of Green Bay should have been made a party because it issued the tax deed. But we cannot see that the city has any interest in this foreclosure suit. Nor can any question as to whether there has been a good redemption, or as to the validity of the tax deed, be determined in this action. It is said the only reason for making *Lander* a party defendant is that he claims the premises under a tax deed which is a paramount title. But there is also this allegation in the complaint: "That the defendants *W. J. Lander* and *Anna Lander*, his wife, have or claim to have some interest in or lien upon the said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of said mortgage." This must refer to some other claim than a tax deed, which claim is subordinate to the mortgage.

In any view the demurrer was bad, and the order striking it out as frivolous must be affirmed.

*By the Court.*— Order affirmed.