LANDER, Appellant, vs. HALL and wife, Respondents.

*September 6 — September 20, 1887.*

*Appeal: Costs: Pleading: Waste.*

1. Upon an appeal from an order denying a motion to strike out a demurrer as frivolous,— in effect sustaining the demurrer,— the court will not consider the objection that leave to amend was de-

nied, where neither the order nor the record shows that the question was raised below.

2. On denying a motion to strike out a demurrer as frivolous, the court may properly, under sec. 2924, R. S., give $10 motion costs to the prevailing party.

3. A complaint in an action for waste, brought under sec. 3177, R. S., by the owner of a certificate of the sale of land for taxes against persons who entered the premises and removed the fences and dwelling-house, is bad on demurrer if it does not show that there was some privity of estate between them and the plaintiff.

4. The term "waste" is used in sec. 3177, R. S., in its strict technical sense of a permanent injury to land by a tenant or one having an intermediate estate therein. Unless there is a privity of estate between the parties, the injury is merely a trespass, and an action for waste cannot be maintained.

APPEAL from the Circuit Court for *Brown* County.
The case is sufficiently stated in the opinion.

*W. J. Lander*, appellant, in person, argued that a refusal to strike off a demurrer to the complaint as frivolous is equivalent to holding the demurrer well taken, and is erroneous if a good cause of action can be gathered from the complaint. *Diggle v. Boulden*, 48 Wis. 477; *Lerdall v. Charter Oak L. Ins. Co.* 51 id. 426; *Malone v. Roby*, 62 id. 460; *Hoffman v. Wheelock*, id. 434; *Hurlbut v. Marshall*, id. 590; *Bishop v. C. & N. W. R. Co.* 67 id. 610; *Roe v. Lincoln Co.* 56 id. 66; *McGonigal v. Colter*, 32 id. 614; *Truesdell v. Rhodes*, 26 id. 215. The case comes within sec. 3177, R. S., which gives an action for waste to the owner of a tax certificate. That statute is remedial, and should be construed liberally to aid and advance the remedy given by it. *Brightman v. Kirner*, 22 Wis. 57; *Ogden v. Glidden*, 9 id. 46; *Blunt v. Walker*, 11 id. 347; *Battis v. Hamlin*, 22 id. 672; *Morrill v. State*, 38 id. 428; *Woodbury v. Shackleford*, 19 id. 55; *Harrington v. Smith*, 28 id. 43; *Encking v. Simmons*, id. 272; *Chase v. Whiting*, 30 id. 544; *Smith v. Lockwood*, 34 id. 72; *Klaus v. Green Bay*, id. 628; *Plum v. Fond du Lac*, 51 id. 393. To give the term

"waste," as used in that section, its strict technical meaning, and require privity of estate to sustain the action, would destroy the remedy intended to be given for the protection of the purchaser at tax sale. There can be no privity between him and the owner of the fee, or his tenant, or one having an intermediate estate. *Parker v. Baxter*, 2 Gray, 185; Blackwell on Tax Titles, 534; *Jarvis v. Peck*, 19 Wis. 74; *Sayles v. Davis*, 22 id. 225; *Truesdell v. Rhodes*, 26 id. 218. It is the duty of the court to sustain this remedy if possible. *Atty. General v. Eau Claire*, 37 Wis. 400; *Bigelow v. West Wis. R. Co.* 27 id. 478; *Nichols v. Halliday*, id. 406. The order in this case must, in any event, be reversed because no leave to amend is given, though $10 costs of motion are imposed.

For the respondents there was a brief by *Vroman & Sale*, and oral argument by *C. E. Vroman*. They argued that the remedy given by sec. 3177, R. S., is purely statutory, and will not be extended by implication. *Lacy v. Johnson*, 58 Wis. 414. The only remedy given by it is an action of waste, and that will not lie unless the injury is done by a tenant or one holding an intermediate estate. 2 Blackstone, 281; 3 id. 222; 1 Washburn, R. P. 107; *Proffit v. Henderson*, 29 Mo. 325. For an injury by any other person the remedy is trespass. 1 Cruise Dig. 119; 1 Washburn, R. P. 111; *Shult v. Barker*, 12 Serg. & R. 272; *Whitney v. Morrow*, 34 Wis. 648. The terms "any person" must be limited to persons having such legal interest in the land. *Strong v. Winslow*, 3 Pin. 27; *Amory v. Amory*, 26 Wis. 152; *Eaton v. North*, 25 id. 514. This action should have been against the owner of the land. 3 Dane, Abr. 225; *Attersoll v. Stevens*, 1 Taunt. 198; *Fay v. Brewer*, 3 Pick. 203; *Wood v. Griffin*, 46 N. H. 237, 240; *Cook v. Champ. Transp. Co.* 1 Denio, 91, 104; *Austin v. Hudson Riv. R. Co.* 25 N. Y. 334, 340; *Northrup v. Trask*, 39 Wis. 515, 519.

·COLE, C. J.　The plaintiff moved to strike out the demurrer as frivolous, which the court denied, with $10 costs of motion.　We must consider the appeal from this order as equivalent to an appeal from an order sustaining the demurrer.　For the rule has been settled, in a number of decisions, that an appeal from an order striking out a demurrer as frivolous would be treated the same as an appeal from an order overruling the demurrer.　Consequently, to be consistent in the practice, this must be treated as an appeal from an order sustaining the demurrer to the complaint. Counsel for the plaintiff says the order must in any event be reversed, because of the refusal of the court to allow him to amend the complaint.　The record fails to show any such refusal, or that leave to amend was asked for.　True, the order says nothing about leave to amend, but we cannot assume from that that leave was asked and refused. Doubtless the court ·would have granted the plaintiff leave to amend, had he asked that favor.　But a party ought not to be permitted to object for the first time in this court to an order which is silent as to amendment, when it does not appear that an amendment was asked and refused.　The court could give $10 costs under sec. 2924, R. S.

We will now consider the complaint itself, as though the demurrer to it had been sustained.　The complaint states, substantially, that the plaintiff, at the tax sales of 1883, 1884, and 1885, purchased a lot in the city of Fort Howard, upon which there was a dwelling-house; that in May, 1886, he obtained a tax deed upon the tax certificate issued upon the sale of 1883; that in August, 1885, the defendants unlawfully and tortiously broke and entered upon the lot, and removed the fences and dwelling-house thereon, and committed other acts of waste, which greatly impaired the value of the premises.　Judgment is demanded that the defendants ·be restrained from committing further waste upon the premises, and that plaintiff have judgment for $500.

It will be observed that only one wrongful act is complained of, which was committed by parties who were strangers to the title, and had no right of possession. It was a naked trespass, and the parties guilty of the tort were merely trespassers. The question, therefore, raised by the complaint, is, can a tax-title claimant maintain an action for waste, or one in the nature of waste, for a simple trespass committed before his tax deed was issued, by one in no way related to the title or possession? Waste is commonly defined to be a permanent injury to land by a tenant or one holding an intermediate estate. 1 Washb. Real Prop. § 4 (5th ed.); 2 Burrill, Law. Dict. "Waste" (2d ed.); Bac. Abr. "Of Waste" (10th ed.). The person committing or held liable for the injury was a tenant of some kind. If a stranger committed waste, an action of waste lay against the lessee in favor of him who had the next immediate estate, in reversion or remainder, because the lessee had his remedy against the stranger for the trespass. Bac. Abr., *supra.* The relation of tenancy was what distinguished the wrongful act from trespass to the realty. Consequently, waste was applicable only to persons having a limited interest or estate in lands, as tenant for life or for years, or *per autre vie*, as tenant in dower, or tenant by the curtesy. 1 Washb. Real Prop., *supra.*

The plaintiff, however, does not claim that he could have this action of waste without the aid of ch. 136, R. S. 1878. He says that the action is brought under the provisions of that chapter, where no privity of estate, as between the parties, need exist, as at common law. An examination of that chapter will show that this view is not correct. Secs. 3171, 3172, 3173, 3174, and 3175 are applicable only to cases where some privity of estate or tenancy exists between the parties. This is obvious. A "restriction existed at common law in respect to estates in possession of tenants in dower and curtesy, because, as these were created by the law itself, it

was thought that the law was bound to protect the reversioner or remainder-man from being thereby injured. But where the estate of the tenant was created by act of the parties, it was held that, if the grantor or lessor failed to protect the estate by stipulations in his deed or lease, the law was not bound to supply the omission." 1 Washb. Real Prop., *supra*. It is quite probable that it was to remedy this and other defects in the law that the above sections were enacted. Be this as it may, it is apparent that these provisions go upon the theory or assumption that a privity of estate or tenancy of some kind exists. It is plain that they have no reference to a mere trespass to the realty, committed by a stranger to the title. But the counsel claims that the action is given in express terms by sec. 3177. That section provides that " the purchaser, or his assigns, holding any certificate of sale of real estate, duly issued upon any sale for taxes, or upon execution, or by virtue of a power of sale in a mortgage, may have an action to restrain the commission of waste during the period of redemption, and if no redemption shall be made, and a deed shall be issued pursuant to such certificate, the grantee, or his assigns, may in such action, or by a subsequent action, recover damages against any person for any waste committed by such person on the premises after such sale."

If in this section the word " waste " is a synonym for the word " trespass," the contention of counsel would be well founded. But we think the word is used in this statute in its strict technical sense, and signifies an act which amounted to waste at common law, where a privity of estate existed. We have seen that such relation must exist, and that this distinguished waste from trespass to the realty. We do not think the legislature intended to give, or has given, the holder of a tax certificate the action of waste against a stranger who commits a trespass.

It is said the tax-title claimant needs this remedy against

any one in order to protect his security, without regard to the fact of a privity of estate. But this argument is one which should be addressed to the legislature, and not to the courts. The question here is, has the legislature given the action of waste for a mere trespass committed upon real estate before a tax deed issues? Considering all the sections of the statute, we are of the opinion that it has not. If the legislature had intended to make so great a change in the law as to give the tax-title claimant an action in the nature of waste for a mere trespass, it would have said so in clear and explicit language. This view of the statute is strengthened by the language of the next section, which describes acts which shall not be deemed waste. It enacts that "any person entitled to the possession of lands, sold as mentioned in the preceding section," may enjoy it and do certain things upon it, until the expiration of the time for redemption, without being liable to an action of waste therefor. This implies that the legislature had in mind persons having some rights to the property injured. The counsel says the exception of *persons lawfully entitled to the possession* from liability for certain acts, was equivalent to declaring that a mere trespasser would be liable in this form of action to the tax-title claimant for doing the same things. But we infer that the object was to exempt from liability for waste persons who were embraced in the statute, and who would otherwise be liable under the old English rule. We do not think it warrants the conclusion that the legislature had already provided that a person who was a stranger to the title and possession was liable in an action of waste for trespass.

Counsel also relies upon a remark in *Lacy v. Johnson*, 58 Wis. 414, to support his view. In that case a very different question was presented from the one we have here. The defendant there had entered upon lands for the purpose of cutting and removing the growing timber thereon, under

Lander vs. Hall and wife.

contract with the plaintiff, which gave him the right so to do. After having cut and removed the timber, he attempted to resist the payment of the contract price, on the ground that he had obtained a tax deed on the lands after the timber had been cut and removed. It was held that the tax deed to the defendant, taken as it was, did not in any way affect the plaintiff's title to the timber which was cut, removed, and sold before it was issued. Mr. Justice TAYLOR says: " If the taking of a tax deed by a stranger would have subjected the defendant to an action of waste for cutting and removing the logs, it is very clear that, when the tax deed was issued to the defendant himself, he could not maintain an action against the plaintiff for the waste which he had himself committed under the authority of the plaintiff, nor could he, or any third party taking such tax deed, maintain any action to recover such possession of the logs cut and sold after the tax sale, and before the tax deed was in fact issued, under the provisions of sec. 3177, R. S. The remedy given by that section is purely statutory, so far at least as tax claimants are concerned, and the only remedy given is an action of waste to recover damages." The question whether there must be some privity of estate between the plaintiff and defendant, in order to maintain an action of waste, was not in the case; therefore was not as carefully considered as it would have been had it been involved. The learned justice's attention was directed solely to the merits of the defense, and the remark was incidentally made that the tax claimant was given an action of waste to recover damages, etc. But this cannot bind our judgment in this case as to the proper construction of the statute.

Our view is that the demurrer to the complaint should have been sustained.

*By the Court.*— The order is affirmed.