EULE, Respondent, v. EULE, Appellant.

*November 6—December 2, 1958.*

For the appellant there was a brief by *Glassner & Glassner,* and oral argument by *William E. Glassner* and by *Lawrence Clancy,* all of Milwaukee.

For the respondent there was a brief by *Wittig & Wittig* of Milwaukee, and oral argument by *John A. Wittig* and *Urban R. Wittig*.

MARTIN, C. J.   Sec. 247.14, Stats., so far as material, reads:

"In addition to all other allegations, the complaint shall specifically allege whether or not an action for obtaining a divorce by either of the parties was or has been at any time commenced or pending in any other court, or before any judge thereof, in this state, or elsewhere."

Paragraph 12 of the complaint alleges:

"That a prior action for a divorce was commenced in this court and was dismissed by the court in July of 1957."

Appellant contends that the allegation fails to comply with the statutory requirement referred to above, and we agree. Paragraph 12 of the complaint is a gratuitous allegation not required by the statute since it alleges a prior action in the same court in which the respondent commenced this action. What the statute requires is an allegation whether or not a divorce action has been commenced or is pending "in any *other* court, or before any judge thereof, in this state or elsewhere." The statement made in paragraph 12 is not responsive to the requirement of the statute.

We cannot, as respondent suggested in oral argument, infer from the allegation of paragraph 12 that the *only* previous divorce action *anywhere,* involving these parties, is the one recited therein. Such an argument indicates that respondent concedes the allegation is not "specific," as sec. 247.14, Stats., says it shall be.

This provision is placed in the statute as a matter of public policy and for the information of the court. A strict compliance is required in order that no fraud be perpetrated upon the court. Without a proper allegation as required by

sec. 247.14, Stats., the complaint does not state a cause of action.

Respondent cites *Dibble v. Dibble* (1941), 239 Wis. 298, 299, 300, 1 N. W. (2d) 159. In that case the defendant demurred on the ground " 'that it appears upon the face of the complaint that there is another cause of action pending between the same parties for the same cause' " and the court in its opinion said in regard to causes of action that sec. 247.07, Stats., provides for seven different causes for divorce and sec. 247.08 provides for five different causes for divorce from bed and board. The cause of action set forth in the complaint was cruel and inhuman treatment. The court therefore held that "if the cause of action alleged in the former actions was any one of the six other causes for divorce specified in sec. 247.07, no other cause of action between the parties would be pending for the same cause." We do not have that situation to deal with here. However, we are inclined to disagree with the result in the *Dibble Case*. We do not think sec. 247.14 contemplates grounds for divorce. The allegation required is as to whether or not there is or was an action for divorce based on any of the grounds "commenced or pending in any other court, or before any judge thereof, in this state, or elsewhere."

Appellant requests that this court dismiss the complaint. No authorities are cited to his position. A divorce case is hardly a proper one for such action. See *Pedrick v. First Nat. Bank of Ripon* (1954), 267 Wis. 436, 66 N. W. (2d) 154, and cases cited in 30 West's Wis. Stats. Anno., p. 701, under sec. 263.43.

Appellant also contends that it was error for the trial court to award $25 costs to the respondent in its order overruling the demurrer. Respondent agrees that under sec. 271.07, Stats., *Straka v. Lander* (1884), 60 Wis. 115, 18 N. W. 641, and *Lander v. Hall* (1887), 69 Wis. 326, 34 N. W. 80, the court's authority to award costs is limited to $10.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer and permit the plaintiff to amend her complaint.

BROWN, J., took no part.