BUENGER, Respondent, v. BUENGER, Appellant.

*January 9—February 4, 1964.*

452

For the appellant there was a brief and oral argument by *Austin J. Baird* of Waukesha.

For the respondent there was a brief by *Halaska & Schalmo* of Elm Grove, and oral argument by *Howard E. Halaska*.

HALLOWS, J. The defendant's motion to dismiss is grounded upon the proposition it is a jurisdictional requirement to file in court within ten days of service the summons and complaint in a divorce action when personal service on the defendant is made outside the state. If this proposition is a verity, the court was without jurisdiction or power to enlarge the time for the filing of the summons and complaint. We do not agree the requirement of sec. 247.062 (1), Stats., for filing the summons and complaint is jurisdictional. That section must be read in the light of its legislative history and construed with sec. 247.145.

In actions affecting marriage, sec. 247.01, Stats., grants jurisdiction to hear all such actions and requires them to be commenced and conducted in accordance with the Family Code. Under sec. 247.05, the court having jurisdiction to hear actions affecting marriage may exercise jurisdiction *quasi in rem* by service of a summons and complaint pursuant to sec. 247.061 or sec. 247.062, or sec. 247.063. As provided by sec. 247.062 (1), when a defendant cannot with

reasonable diligence be served personally within the state, service may be made as follows:

"(1) *Personal service without the state.* By personally serving the summons and a copy of the verified complaint upon the defendant without the state and within 10 days thereafter filing the summons and verified complaint in court and serving copies of the summons and verified complaint on the family court commissioner."

The predecessor section was sec. 247.06, Stats. 1957. That section provided for the purposes of divorce that jurisdiction may be acquired under certain conditions either by publication or by personal service upon the defendant within the state or in the manner prescribed in sec. 262.08 (4) or sec. 262.12. In 1957, ch. 262, Stats., dealt generally with the commencement of civil actions. Service outside the state on a defendant was authorized by secs. 262.12 and 262.13. In 1959 as a result of a study of the problem of jurisdiction and service in civil cases, ch. 226, Laws of 1959, was enacted, which repealed and re-created ch. 262, Stats., with many changes and also amended sec. 247.06 to provide jurisdiction in divorce cases could be acquired by publication or service in a manner provided in ch. 262 for the exercise of personal jurisdiction *in rem.*

Shortly after the enactment of ch. 226, Laws of 1959, the legislature adopted the Family Code as embodied in ch. 595, Laws of 1959. This chapter repealed sec. 247.06 and re-created it with references to specific sections of ch. 262, Stats., as these sections had existed in the statutes of 1957. The enactment of these two chapters dealing inconsistently with the same subject matter caused no end of confusion and in an attempt to correct the ambiguities and inconsistencies, the legislature in 1960 enacted ch. 690 which again repealed sec. 247.06 and created sec. 247.061 and sec. 247.062. The inconsistencies in the Family Code and the conflicts with

other statutes in some respects continued to exist and in 1961 remedy was sought by the enactment of ch. 505, Laws of 1961.

Among the many changes made by this chapter, sec. 247.145 of the Family Code was created. This section deals with the enlargement of time and provides, "After the expiration of the period specified by the statute, the court may in its discretion, upon petition and without notice, extend the time within which service shall be made upon the family court commissioner. Extension of time under any other circumstances will be governed by s. 269.45." Material in the legislative file states this section is necessary to resolve some jurisdictional difficulties. There is also a notation some of the legislators believed the section was unnecessary as any extension of time would be governed by sec. 269.45, which section generally provides a court or judge may on certain conditions extend the time within which any act or proceeding in an action must be taken excepting the time for appeal.

Reading sec. 247.062, Stats., referring to service outside the state in actions affecting marriage and without reference to sec. 247.145, one could come to the conclusion personal service without the state consisted of serving the summons and copy of the verified complaint upon the defendant and within ten days thereafter both filing the summons and verified complaint in court and serving the summons and a copy of the verified complaint upon the family court commissioner. Normally, personal service on a defendant in order to give jurisdiction to the court over the person does not require filing of the summons and complaint in court. No such requirement is found in sec. 247.061 relating to service within the state in a divorce action. Sec. 262.13 (general section on filing civil actions and paying suit fee) does not require the filing of the summons within any time limitation after service as a jurisdictional requirement but only that the

summons be filed within ten days after service of any plead-
ing upon the plaintiff by the defendant or if the defendant
is in default at the time of applying for judgment. Incidental-
ly, it is to be noted this section has recently been amended,
effective May 1, 1964, by court rule to require filing of the
summons within ten days after service, but such require-
ment is not jurisdictional.

If the filing of the summons and verified complaint in an
action affecting marriage was intended to be jurisdictional
when the defendant was served outside the state under sec.
247.062, Stats., then the service within ten days upon the
family court commissioner was equally a jurisdictional re-
quirement. But sec. 247.145 of the Family Code expressly
allows for the extension of time within which service may
be made upon the family court commissioner, indicating that
such service within ten days is directory and not jurisdic-
tional. Without the last sentence in sec. 247.145 providing
extensions of time under any other circumstances are to be
governed by sec. 269.45, one might reason the filing of the
summons and verified complaint was jurisdictional but ser-
vice on a family court commissioner was not. However, this
latter sentence indicates an extension of time within which
an act is required to be done under the Family Code is to be
governed by the general sec. 269.45. This sentence indicates
the intention of the legislature that the requirement of filing
the summons and verified complaint within ten days after
service in sec. 247.062 (1) was not a part of the personal
service upon the defendant without the state in a jurisdic-
tional sense.

Since the late filing of the summons and complaint may
be cured by meeting the requirements of sec. 269.45, Stats.,
we reach the second order and if appealable, the issue of
whether the plaintiff made a proper application for the en-
largement of the time. The defendant claims he was entitled
to notice even though he appeared specially. No question is

raised of the validity of the plaintiff's cause for failure to file within ten days of service. The plaintiff mailed the summons and complaint to the sheriff's department in Moline, Illinois; service was made on May 4th; the custom of the sheriff's department in Illinois was to make service, then to bill the forwarding attorney, and to retain the papers until the service charges were paid. Plaintiff's attorney was so billed, the payment made, and the summons and complaint returned on the 13th. They were mailed promptly to the clerk of the circuit court and filed on the 15th.

While we seriously question the procedure followed by the plaintiff's attorney in moving for an order extending time without notice to the defendant even though he appeared specially, the validity of that order is not before us and is not decided. The appeal from the order enlarging the time is not an appealable order. Such an order neither affects a substantial right, determines the action, nor prevents a judgment from which an appeal may be taken. Sec. 274.33 (1), Stats. *Schlesinger v. Schroeder* (1933), 210 Wis. 403, 245 N. W. 666; *Russell v. Johnson* (1961), 14 Wis. (2d) 406, 111 N. W. (2d) 193. See Walther, Wisconsin Supreme Court Practice—Appealability of Judgments and Orders, 2 Wisconsin Continuing Legal Education, No. 4, p. 23.

*By the Court.*—Order denying motion to dismiss the complaint affirmed; appeal from order enlarging time dismissed.