BOTTOMLEY, Respondent, v. BOTTOMLEY, Appellant.

*January 29—February 27, 1968.*

152

For the appellant there was a brief and oral argument by *Ronald A. Padway* of Milwaukee.

For the respondent there was a brief and oral argument by *L. J. Dowling* of Bloomer.

HALLOWS, C. J.   The defendant claims two questions are involved, namely, whether the Wisconsin court has jurisdiction of this divorce action when another divorce action is pending in Pennsylvania, and whether the court can grant a default judgment when the defendant has filed an answer raising questions of fact and no notice of trial date has been given the defendant.

The defendant first raised the question of jurisdiction by a notice of special appearance and objection.   This motion was overruled by the court in the absence of the defendant.   Thereafter, the defendant again raised the question of jurisdiction by a special appearance, demurrer and answer.   The special appearance was proper if the pendency of another divorce action was jurisdictional but the demurrer was improper because the fact of the pendency of another divorce action did not appear on the face of the complaint.   The legal effect of the demurrer was to admit the action was dismissed— a fact the defendant wished to contest.   The answer properly pleaded the pendency of another divorce suit in Pennsylvania and also put in issue the Wisconsin residency of the plaintiff and his grounds for divorce.

It is proper to raise by answer those issues which could be raised by demurrer if they appeared on the face of the complaint. Sec. 263.11, Stats.; *Truesdill v. Roach* (1960), 11 Wis. 2d 492, 105 N. W. 2d 871; *Poehling v. La Crosse Plumbing Supply Co.* (1964), 24 Wis. 2d 239, 128 N. W. 2d 419. A pleading which combines a special appearance, demurrer and answer is permitted and in fact required by sec. 262.16 (2). This section was created so that a defendant could contest the plaintiff's claim and at the same time object to the court's jurisdiction. See *Punke v. Brody* (1962), 17 Wis. 2d 9, 115 N. W. 2d 601; *R. B. General Trucking v. Auto Parts & Service* (1958), 3 Wis. 2d 91, 87 N. W. 2d 863.

On this enlightened state of the record, a notice of trial dated April 26, 1966, was served upon the attorney for the defendant which stated the action would be placed upon the calendar for trial pursuant to sec. 270.12, Stats. This was not done and plaintiff's counsel admits in his brief that the county court does not calendar cases. How an out-of-town attorney like the defendant's attorney is to know the trial date of his case is not disclosed by the record. It is undisputed he was not notified of any definite trial date. However, on May 11, 1966, fourteen days after the notice of trial, the plaintiff's counsel filed an affidavit of default stating no answer or demurrer was filed and no appearance made excepting the special appearance previously ruled on by the court. Apparently counsel thought that ruling on jurisdiction disposed of the demurrer and the answer, but this could hardly be so because that pleading was not in existence at the time the court decided it had jurisdiction on the notice of retainer. In this posture the court on May 11, 1966, heard the case as a default in the absence of defendant's attorney after first overruling the requests in the defendant's answer.

The transcript does not show the family court commissioner was present at this hearing and the defendant

claims this is jurisdictional. The plaintiff argues the family court commissioner was present. The only appearances noted are those of the plaintiff, his daughter and his counsel. A default divorce was granted the plaintiff but the question of alimony was not passed upon, the court indicating it lacked jurisdiction over that subject matter because of the service on the defendant outside of the state. The printed forms of findings of fact and conclusions of law and of the judgment which were used recite the family court commissioner appeared at the hearing although the transcript shows that the court at the close of the testimony asked the plaintiff's counsel to get the report of the family court commissioner in promptly. This remark would hardly be made to plaintiff's counsel if a family court commissioner were present in court.

The findings and judgment were not submitted to the defendant's counsel as required by sec. 247.37 (1) (a), Stats., probably because counsel for the plaintiff thought that the overruling of the special appearance of the defendant left the defendant unrepresented but certainly her answer constituted an appearance for this purpose. See *Buenger v. Buenger* (1964), 22 Wis. 2d 451, 126 N. W. 2d 21.

The defendant moved on July 21, 1966, to reopen the judgment. This motion was denied but the court on August 19, 1966, *sua sponte* held the judgment in abeyance and ordered a hearing on September 19, 1966, to consider all motions and the demurrer of the defendant and if they be overruled, then to try the case. Prior to this time the defendant had served a notice upon the plaintiff to admit or deny the pendency of the divorce action in Pennsylvania. But the plaintiff instead of answering the demand obtained, unknown to the defendant, a dismissal of the action in Pennsylvania. On the hearing on September 19th the court overruled both the defendant's motion to dismiss and her demurrer.

We think the pendency of another divorce action is not jurisdictional and the court was correct in not dismissing the action. This same jurisdictional argument was made and rejected in *Eule v. Eule* (1958), 5 Wis. 2d 543, 93 N. W. 2d 438. We there said the pleading of the pendency of another cause of action was required by the statute on the ground of public policy and was part of the statement of a cause of action for divorce. The requirement of such an allegation is to prevent the parties from forum shopping and committing a fraud on the court. Under *Eule* the most the defendant could hope for was not an absolute dismissal but a repleading by the plaintiff. Sec. 247.085 (1) (c), Stats., requires only a disclosure of the facts in respect to whether or not an action for divorce or legal separation was, has been or is pending. On the record before us, aside from the effect of sec. 889.22, it is clear the action commenced by the plaintiff in 1949 for divorce in Pennsylvania is now dismissed and if the complaint is read as of now or as of the time of hearing it is correct.

At the hearing on September 19th the court offered the defendant the opportunity of a trial on the merits but the defendant refused, standing upon her special appearance and demurrer and her right to appeal from the court's refusal to dismiss the action on jurisdictional grounds. Under sec. 274.33 (3), Stats., the defendant had a right to appeal the overruling of the demurrer and the order deciding a question of jurisdiction. But, this right was foreclosed by the court's insistence upon the immediate trial of the issues raised by the answer.[1] However, the defendant has now had her appeal on the jurisdictional issue but we think not at the expense of being foreclosed from having a trial on her answer.

Divorces are not favored in the law and especially by default which should be surrounded by proper safe-

[1] No question of the applicability of sec. 274.24, Stats., has been presented and we do not consider it.

guards. The default divorce judgment should not have been entered and should have been set aside rather than held in suspended animation and then revitalized. We are mindful the trial court gave the defendant an opportunity to try the merits of her case on September 19th but it could not insist upon such a trial under the circumstances. Whether the defendant can prove the allegations in her answer, we do not know but we think the case should be remanded so that she can have her day in court on all issues in her answer except the question of jurisdiction, which is herein resolved.

We do not predicate reversal on the absence of the family court commissioner at the default divorce hearing. From the record it does not appear why he was not present. But the role of the family court commissioner in divorce matters is so important for the protection of the interests of the state that sec. 247.14, Stats., requires all pleadings to be served upon him and prohibits a judgment unless this requirement is satisfied and unless the parties have responded to his inquiries under sec. 247.15 or the court has ordered otherwise. The family court commissioner has the duty to appear in all actions when the defendant fails to answer or withdraws his answer before trial. This provision is to insure that the state has representation and its interests are protected in default divorce cases.

By sec. 247.15, Stats., it is contemplated that the family court commissioner will on behalf of the public make a fair and impartial investigation of the case and fully advise the court as to its merits and as to the rights and interests of the parties and of the public and of his efforts toward reconciliation. We think the family court commissioner should be physically present at the time of the default hearing so he can fully advise the court. We are not now concerned with a "broken-down contest" specially treated in sec. 247.15 (2), Stats., for Milwaukee county. He should also make an effort to reconcile the parties and report to the court concerning these efforts.

Likewise, a judge should not grant a default divorce unless these conditions are met.

The people of Wisconsin have declared in sec. 245.001 (2), Stats.,[2] that marriages in this state are not to be treated as contracts in which only the immediate parties are interested. The interest of the public must always be taken into account. The family court commissioner is the protector of that public interest. He is not to be considered as being merely an aide of the court or an amicus curiae. Rather he has the heavy duty and responsibility of representing the public interest in every action involving marriage and the family. His role goes beyond that of protecting the rights of children involved. His active and concerned participation was necessary in the present action, even though minor or dependent children were not involved.

The Family Code contemplates the important role of the family court commissioner to be an effective one in the disposition of divorce cases and the commissioners should be encouraged in the performance of their duties. *Merten v. National Manufacturers Bank* (1965), 26 Wis. 2d 181, 131 N. W. 2d 868. Although there is no express statutory authority granting family court commissioners a right to appear, this court has recognized that right to appear on behalf of the public and to file a brief in this court so that he might properly protect the interests of

---

[2] "(2) INTENT. It is the intent of chs. 245 to 248 [The Family Code] to promote the stability and best interests of marriage and the family. Marriage is the institution that is the foundation of the family and of society. Its stability is basic to morality and civilization, and of vital interest to society and the state. The consequences of the marriage contract are more significant to society than those of other contracts, and the public interest must be taken into account always. The seriousness of marriage makes adequate premarital counseling and education for family living highly desirable and courses thereon are urged upon all persons contemplating marriage. The impairment or dissolution of the marriage relation generally results in injury to the public wholly apart from the effect upon the parties immediately concerned."

the public. See *Masters v. Masters* (1961), 13 Wis. 2d 332, 108 N. W. 2d 674.

*By the Court.*—Judgment and order reversed, and the case remanded for further proceedings not inconsistent with this opinion.