LAING, Respondent, vs. WILLIAMS, Appellant.

*March 12—March 31, 1908.*

*Partition: Personal property: Jurisdiction: Interlocutory decree: Conclusiveness: Contempt: Alternative remedy: Party aggrieved: Failure to assign error in brief.*

1. In an action for the partition of personal property the circuit court has general equity jurisdiction to appoint a receiver, to order the property delivered to the receiver, to enter an interlocutory decree, and to so mold its final decree as to cover and provide every possible form or kind of relief made necessary by the exigencies of the case or the contumacy of the parties in order to do final and complete justice.

2. An interlocutory decree being appealable, if there are no exceptions to the interlocutory findings, and no bill of exceptions preserving the evidence on which the findings and decree were based, the findings are conclusive upon an appeal from a final judgment founded thereon.

3. Where, in an action for the partition of personal property, defendant refused compliance with the interlocutory decree ordering him to deliver to the receiver in such action a certain portion of the common property, the court, in protecting the aggrieved party from loss by defendant's noncompliance, is not limited to contempt proceedings, but may in a final decree accomplish the same end by awarding damages.

4. Where in such an action it appears that the damages awarded in the final decree were less than the amount defendant might

have been required to pay under contempt proceedings, the defendant is not aggrieved by plaintiff's failure to resort to the latter proceedings.

5. Where no error was assigned in appellant's brief, as required by Supreme Court Rule 10, and this court unaided by such assignment was unable to discover material or prejudicial error, the judgment was affirmed.

APPEAL from a judgment of the circuit court for Waushara county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

March 9, 1903, the plaintiff began an action against the defendant for the partition of certain personal property, consisting of a set of abstract books which the parties owned in common. June 1, 1903, in an order to show cause why a receiver of the common property should not be appointed, etc., which order was returnable July 1, 1903, the plaintiff was temporarily appointed receiver and qualified. July 6, 1903, upon hearing on this order to show cause, one A. Ford was appointed receiver, and the plaintiff, the defendant, and the husband of defendant ordered to deliver all the abstract books to the receiver. December 8, 1903, the court after trial made findings of fact and conclusions of law, from which it appeared, among other things, that plaintiff had a two-thirds interest and defendant a one-third interest in said property; that at the time the action was commenced the abstract books were in the possession of the defendant, who wrongfully excluded the plaintiff from said property after demand; that she still does so, and that she refused after demand to turn some part of said property over to the receiver. The court then found that the property could not be divided without great injury to the interests of the parties, that the plaintiff had made demand upon the defendant to sell and divide the property, and that the property should have been sold pursuant to the provisions of ch. 106a, Stats. (1898), that the defendant should at once deliver to the receiver the books and records withheld by her, and that upon

the sale by the receiver he should report said sale to the
court, but that if the defendant did not deliver to the re-
ceiver the property in her possession the receiver should sell
such part as he had in his possession and report this sale to
the court, bringing the proceeds into court to abide the fur-
ther order.    The plaintiff was given judgment for costs.
On the same day judgment on these findings was entered
following the findings and interlocutory in form.    January
28, 1904, service of notice of entry of this interlocutory
judgment was given to the defendant.    April 26, 1904, the
receiver reported to the court that he took into his possession
part of the abstract books specified, having received them
from the plaintiff as receiver, and that he made ineffectual
efforts to get the remainder of the books from defendant and
the former receiver.    Plaintiff also reported that he de-
manded of the defendant's husband and her representative
in charge of the property the books and property in her pos-
session and this was refused.    The receiver also reported
a sale pursuant to the interlocutory judgment for $300 of
that part of the property which had come into his possession
and that the defendant neglected and refused to deliver up
to him the property in her possession.    April 29, 1907, on
notice of motion by the plaintiff to confirm the report of a
referee therein and for judgment and to assess the damages
sustained by the plaintiff by reason of the failure of the de-
fendant to deliver to the receiver the property in question,
and on cross-notice by the defendant, the court made findings
that there remained in the hands of the receiver, Ford,
$163.74, the net proceeds arising from the sale of the prop-
erty which came to the possession of the receiver, $54.58
of which belonged to the defendant and $109.16 of which
belonged to the plaintiff; that by reason of the wrongful acts
of the defendant in retaining in her possession from the
receiver part of said abstract books and records as thereto-
fore found by the court the plaintiff was damaged in the sum

of $700; that the reasonable cost of replacing the property so wrongfully retained by the defendant was $2,100, one third of which should be paid by the defendant to the plaintiff. The $54.58 awarded to the defendant from the proceeds of the $300 sale was offset against $700, and judgment ordered for the plaintiff and against the defendant for $645.42 and subsequent costs. Final judgment was entered accordingly, and from that judgment this appeal is taken.

For the appellant there was a brief by *Williams & Williams,* and oral argument by *C. H. Williams.*

Among other references upon the part of the appellant were the following: Ch. 106a, Stats. (1898); secs. 2327b, 3127, Stats. (1898); *Tucker v. Whittlesey,* 74 Wis. 74, 41 N. W. 535, 42 N. W. 101; *Windsor v. McVeigh,* 93 U. S. 274; 12 Am. & Eng. Ency. of Law (1st ed.) 248; *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909; *In re Pierce,* 44 Wis. 411; *Morse v. Stockman,* 65 Wis. 36, 26 N. W. 176; 17 Am. & Eng. Ency. of Law (1st ed.) 177; sec. 2966, Stats. (1898); *Staples v. Staples,* 87 Wis. 592, 58 N. W. 1036; ch. 150, Stats. (1898); secs. 3126, 3479, 3480, 3481, 3488, 3489, 3490, 3491, Stats. (1898); *State ex rel. Fowler v. Circuit Court,* 98 Wis. 143, 73 N. W. 788; *Emerson v. Huss,* 127 Wis. 215, 106 N. W. 795; *In re Meggett,* 105 Wis. 291, 81 N. W. 419; *State ex rel. Meggett v. O'Neill,* 104 Wis. 227, 80 N. W. 447; secs. 2594, 2595, 2596, Stats. (1898); *Lewis v. C. & N. W. R. Co.* 97 Wis. 368, 72 N. W. 976; *McEvoy v. Gallagher,* 107 Wis. 331, 83 N. W. 633; *George v. McGovern,* 83 Wis. 555, 53 N. W. 899.

*Perry Niskern,* for the respondent.

Among other references upon the part of the respondent were the following: Sec. 3047, Stats. (1898); *McGillivray v. Cremer,* 125 Wis. 74, 103 N. W. 250; *Adkins v. Loucks,* 107 Wis. 587, 83 N. W. 934; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W. 851; *Stein v. Benedict,* 83 Wis. 603, 53 N. W. 891.

TIMLIN, J. The appellant's brief contains no assignments of error, is very discursive, and great difficulty is experienced in ascertaining what specific grievances she complains of. Upon the record as returned this appears to be an ordinary suit for the partition of personal property.

In such suits, as said by Pomeroy (4 Eq. Jur. (3d ed.) § 1392):

"Courts of equity, therefore, when partition of personalty is sought, have of necessity departed from the analogies of the law of real estate, and have assumed jurisdiction to determine as well the issue of title as any other issue pertinent to the case."

The trial court had general equity jurisdiction to entertain the action, to appoint a receiver, to order the property delivered to the receiver, to enter an interlocutory decree, and to so mold its final decree as to cover and provide every possible form or kind of relief made necessary by the exigencies of the case or the contumacy of the parties in order to do final and complete justice. This is the distinctive power of all courts of equity in all cases in which such courts have jurisdiction, such as the action for partition of personal property. *Reynolds v. Nielson,* 116 Wis. 483, 93 N. W. 455. But it is contended, also, that the final decree is unjust and inequitable. This contention overlooks the following considerations: (1) The final decree is founded upon the interlocutory findings and decree. (2) The interlocutory decree is appealable subject to the same limitations as appeals from final judgments. Sec. 3047, Stats. (1898). (3) There are no exceptions to the interlocutory findings, and no bill of exceptions preserving all the evidence offered at the trial, which resulted in such findings; hence the interlocutory findings are conclusive upon this appeal from the final judgment.

But it is argued that in that alternative the defendant upon such showing should have been punished for contempt

instead of having a money judgment awarded against her, and if she had been so proceeded against the proceedings must have failed because of noncompliance with the statute requirements relating to contempts. The weakness in this position is quite apparent, but we will only say that the circuit court as a court of equity was not limited to contempt proceedings in the enforcement of its interlocutory decree, but might in a final decree make such provision as would protect the party aggrieved from loss caused by the failure of the other party to comply with the interlocutory decree. Nor is the appellant aggrieved by the failure of the respondent to resort to contempt proceedings in which, under sec. 3490, Stats. (1898), she might have been required to pay $1,400 instead of $700, because it seems from the findings that this is the sum which plaintiff would be obliged to expend in order to make good his two-thirds part of the property, consequently the sum necessary to indemnify him. The property was peculiar, in that it was not of a kind purchasable in the market, and also because any separation or withholding of any part thereof diminished the selling value of the remainder by so much as it would cost to replace the part withheld. We therefore perceive no error in the way in which the circuit court arrived at the sum to be recovered from the defendant, which sum, to say the least, is not more than the findings warranted. No error is assigned in the brief of appellant as required by Supreme Court Rule 10. Unaided by such assignment we are unable from a perusal of that brief to discover material or prejudicial error, and the judgment should be affirmed.

*By the Court.*—Judgment affirmed.