ROTTER, Plaintiff-Respondent, v. ROTTER, Defendant-Appellant.

*No. 75–507. Argued September 2, 1977.—Decided October 4, 1977.*
(Also reported in 257 N. W. 2d 861.)

For the appellant there was a brief and oral argument by *Edward S. Grodin* of Milwaukee.

For the respondent there was a brief by *Leonard L. Loeb, S. C.* of Milwaukee, and *Steven C. Underwood*, of counsel, of Madison, and oral argument by *Mr. Loeb*.

CONNOR T. HANSEN, J.   The judgment of divorce provided, in paragraph 10:

". . . that the defendant [husband] shall cooperate in the conversion of health insurance coverage for the plaintiff [wife] ; . . ."

At the time of the divorce, the wife (hereinafter plaintiff), was insured by a group insurance policy held by the husband (hereinafter defendant). Divorce terminated the plaintiff's coverage under the policy, effective May 1, 1973. However, if the insurer had learned of the divorce within fifty-five days, (that is, prior to May 31, 1973) the wife would have been offered an opportunity to convert her coverage under the group policy to an individual policy. Either spouse could have notified the company by writing, telephoning or visiting its office. Neither spouse, however, contacted the company.

The insurance policy was in the physical possession of the defendant. He testified that immediately after the divorce was granted, the plaintiff asked him if he would help her obtain insurance similar to the then existing insurance contract, and that he said he would. Sometime thereafter, plaintiff telephoned him and asked whether he was still paying the insurance premiums. He told her that he was. She testified that he informed her he would continue to pay the premiums and would notify her when anything changed, so that she could take whatever action was necessary. She further testified that, while she presumed her coverage would lapse at some time, she did not know when it would lapse.

Plaintiff was hospitalized on July 17, 1973, for tests and treatment of hypertension and eventually gall bladder disease. She underwent surgery in August of 1973, and incurred total medical expenses of $4,773.30.

On May 21, 1974, on the affidavit of the plaintiff, the circuit court ordered the defendant to show cause why (among other things) he should not be required to pay the medical expenses or prosecute the claim for the expenses and convert the insurance. After the hearings, and by order dated August 26, 1975, the court directed the defendant to pay those medical expenses which would have been covered under the insurance policy, and $50 witness fees, for a total of $3,943.30.

The defendant brought a motion to modify the court's findings and order. The court denied the motion, except to find that the plaintiff "was not in dire circumstances nor was she a public charge" at the time of the June 9, 1975, hearing. The defendant appeals from both the order dated August 26, 1975, and the order dated October 9, 1975, denying the requested modifications.

The following issues are presented:

1. Does the record sufficiently support the circuit court's finding that the defendant failed to cooperate in the conversion of insurance coverage, as required by the judgment of divorce?

2. Is the defendant responsible for medical expenses under the alimony provision of the judgment?

3. Did the family court have authority to make the order of August 26, 1975?

This appeal is taken from both (1) the order dated August 26, 1975, requiring the defendant to pay medical expenses, and (2) the order dated October 9, 1975, generally denying his request for modification of the earlier order. The second order, however, is not appealable. This court has stated:

". . . An order that refuses modification or vacation of a previous order is not itself an appealable order. . . ." *Gallagher v. Schernecker,* 60 Wis.2d 143, 146, 208 N.W.2d 437 (1973).

*Accord: Hale v. Lee's Clothiers & Jewelers, Inc.,* 37 Wis. 2d 269, 274, 155 N.W.2d 51 (1967). The appeal, therefore, is properly from the first order only and the appeal from the October 9, 1975, order is dismissed.

### CONVERSION OF INSURANCE.

The circuit court's order was based on its finding that the defendant did not "cooperate in the conversion of

health insurance coverage for the plaintiff [wife] . . ." as required by paragraph 10 of the divorce judgment. The standard of review applicable on appeal from such a determination was set forth in *Chandler v. Chandler*, 25 Wis.2d 587, 131 N.W.2d 336 (1964). There this court considered whether certain medical and drug expenses were "unusual" medical expenses within the meaning of a divorce judgment. The court said that this was a factual issue, and that:

". . . The test, therefore, to be applied to the trial court's determination of this issue is whether such determination is against the great weight and clear preponderance of the evidence. . . ." *Chandler, supra,* 590.

*See also: Thies v. McDonald,* 51 Wis.2d 296, 187 N.W.2d 186 (1971) ; and *Foregger v. Foregger,* 40 Wis.2d 632, 162 N.W.2d 553, 164 N.W.2d 226 (1968).

Similarly, in the instant action, the circuit court considered whether the defendant has "cooperate[d]" within the meaning of the judgment, and found that he had not. This finding will not be upset unless it is contrary to the great weight and clear preponderance of the evidence.

The defendant argues that his duty of "cooperation" was merely to "act jointly or concurrently" with the plaintiff, and that "she . . . had the burden of taking the initial step. . . ." She responds, and the court below agreed, that the defendant was required to "cooperate" by taking initial affirmative action to convert the insurance.

This conclusion is supported by the record. The insurance policy specified the manner of effecting a conversion of coverage. The policy was at all times in the possession of the defendant. The testimony of the parties is in conflict as to contacts between them about insurance during the period immediately following the

divorce. However, the defendant did testify that after the divorce he kept the policy of insurance himself, and never contacted or informed the insurance company about the change in his marital status or spoke to them about giving the plaintiff an opportunity to convert the coverage.

The plaintiff testified that she did not know when the coverage would lapse, and that she had asked defendant to inform her when anything changed, so that she could take any necessary action. He had told her he would assist her in obtaining coverage, but he did nothing.

This evidence supports the finding of the trial court that the duty of the defendant under the judgment was to initiate the conversion by notifying the insurance company of the divorce. While the term "cooperate" is not without ambiguity in this context, the great weight and clear preponderance of the evidence is not against the circuit court's conclusion that the defendant did not meet his duty of cooperation.

## *ALIMONY.*

The defendant contends that this appeal presents the second question whether he may be held responsible for medical expenses under paragraph 18 of the divorce judgment. That paragraph held open the possibility of alimony for plaintiff, but "only in the event of dire circumstances, by way of example only, such as being a public charge."

The order of the circuit court, however, was based upon its finding that the defendant had failed to cooperate in the conversion of insurance as required by paragraph 10 of the judgment. In its memorandum decision of June 10, 1975, the court expressly stated:

". . . The Court does not consider this motion as an application to modify the judgment with respect to alimony for the wife because of the wife's 'dire circumstances.' "

The findings and order of the trial court were not based upon the alimony provisions of the divorce judgment. Therefore, any construction or application of that provision of the judgment is not before the court on this appeal.

## AUTHORITY TO MAKE THE ORDER.

The order presently under consideration directs the defendant to pay $3,943.30, the amount that would have been paid under the insurance contract. This sum is less than the full amount of the hospital and medical expenses incurred by the plaintiff during her hospitalization.

The trial judge specifically stated that the order was not intended as a judgment or a modification of the divorce judgment. We view the order here under consideration as one properly entered for the enforcement of paragraph 10 of the divorce judgment. Sec. 247.01, Stats., vests in the trial courts the authority to "do all . . . things necessary and proper . . . to carry their orders and judgments into execution . . ." in actions affecting marriage. We believe it is well established that the trial court has broad authority to enforce its judgments in family court proceedings and may employ any remedy customarily available to courts of equity and appropriate to a particular case. *Courtney v. Courtney,* 251 Wis. 443, 29 N.W.2d 759 (1947). This court has said:

"The court in a divorce proceeding is authorized to make and award such judgments, decrees, and orders as

justice may require and issue execution and other writs and processes as may be necessary to carry into effect the powers given by statute. . . ." *Courtney v. Courtney, supra,* 453.

In *Laing v. Williams,* 135 Wis. 253, 258, 115 N.W. 821 (1908), this court said that a:

". . . *circuit court as a court of equity* [is] *not limited to contempt proceedings in the enforcement of its interlocutory decree,* but [may] in a final decree make such provision as would protect the party aggrieved from loss caused by the failure of the other party to comply with the interlocutory decree." (Emphasis added.)

In the instant case, the defendant's failure to act occurred within the interlocutory period of the divorce judgment. The judgment became final before the trial court entered the order now before us on appeal, but the order was necessary to give effect to the divorce judgment and to protect the plaintiff from the loss occasioned by the inaction of the defendant. Absent such authority, under the facts of this case, paragraph 10 of the judgment would be of no effect.

*Laing v. Williams, supra,* stands for the proposition that in matters of equity, such as family court matters, trial courts have inherent powers, independent of contempt proceedings, to remedy injuries arising from violations of or noncompliance with their orders or judgments. 2 Nelson, *Divorce and Annulment* (2d ed., 1961 rev.), sec. 16.50, pp. 509, 510, states the general proposition as follows:

". . . It is generally held, either by virtue of [statutory] . . . provisions or as a matter of inherent power of the court to effectuate its orders and do justice in this type of litigation, that the court can do almost anything necessary to insure that the husband meets the obligations imposed upon him. . . ."

It is presumed the defendant will make the payment provided for in the order which we here affirm. On this appeal, we do not reach the question of what procedures are available to the plaintiff for enforcement of the order in the event of nonpayment by the defendant.

*By the Court.*—Order of August 26, 1975, affirmed. Appeal from the order of October 9, 1975, dismissed.