MORGAN R. BUTLER, III, Corporation Counsel Ozaukee County
On behalf of yourself and the family court commissioner for Ozaukee County, you ask a number of questions concerning the family court commissioner's role in enforcing maintenance orders. In doing so, you express your disagreement with the Wisconsin State Bar's Standing Committee on Professional Ethics which concluded in a 1983 opinion that the family court commissioner may not act as advocate and advisor simultaneously. E-83-20 Formal Ethics Opinions of the State Bar Standing Committee on Professional Ethics.
Insofar as your request seeks modification or clarification of the 1983 ethics opinion, your inquiry should be directed to the State Bar rather than to my office. However, I will share with you my opinion on the four questions you raised without referring specifically to the 1983 opinion. For the sake of accuracy, I will set forth each of your questions as they appear in your letter.
 1. When a family court commissioner makes recommendations to the court concerning child custody or maintenance matters, is he acting as an "advisor" to the court such that he is in a conflict of interest situation should he bring contempt proceedings in the same matter pursuant to § 767.29 (1), Wisconsin Statutes.
Historically, the role of the family court commissioner was to act solely as a "friend of the court." The duties of the office, however, evolved into the separate functions of advising the court and prosecuting certain actions or proceedings. The family court commissioner now has the powers of a court commissioner pursuant to section 767.13 (1)(b), Stats. Strandberg v.Strandberg, 27 Wis.2d 559, 565, 135 N.W.2d 241 (1965). In reality a family court commissioner is a court commissioner with special statutory powers and duties. 61 Op. Att'y Gen. 443, 446 (1972). *Page 22 
The office of court commissioner originally was expressly denominated as judicial in nature. Wis. Const. art. VII, § 23. Even with the repeal of this constitutional provision in April 1977, court commissioners still have the powers provided in chapter 753. Sec. 807.04, Stats. Chapter 753 generally deals with the establishment and powers of the circuit courts. Further, section 757.22 (1) provides that "no court commissioner or other judicial officer" may receive fees or compensation for services except those expressly authorized by law. The quoted passage implies that court commissioners are judicial officers.
Among his other responsibilities, the family court commissioner now has the power to make temporary orders concerning a number of matters during the pendency of an action affecting the family under chapter 767. Sec. 767.23 (1), Stats.; Strandberg,27 Wis.2d at 564. Under section 767.29 (1), he also has the duty to take such proceedings as he deems advisable to secure the payment of maintenance payments or support money adjudged or ordered to be paid when such payment is not made to the clerk of court at the time provided in the judgment or order. The means of enforcement include contempt proceedings under chapter 785 and any other appropriate remedy including those set forth in section 767.30 (3). In re Marriage of Biel v. Biel, 130 Wis.2d 335, 337,387 N.W.2d 295 (Ct.App. 1986).
It is my opinion that the family court commissioner does not act as an advocate for the party benefited when he enforces an existing order under section 767.29 (1). In a typical contempt proceeding, the only real issue is whether or not there has been compliance with a previously entered court order.
It is well established that the trial court has broad authority to enforce its judgments in family court proceedings and may employ any remedy customarily available to courts of equity and appropriate to a particular case. Rotter v. Rotter,80 Wis.2d 56, 62-63, 257 N.W.2d 861 (1977). It long has been held that in matters of equity, such as family court matters, trial courts have inherent powers, independent of contempt proceedings, to remedy injuries arising from violations of or noncompliance with their orders or judgments. Laing v. Williams, 135 Wis. 253, 258,115 N.W. 821 (1908), cited and quoted approvingly in Rotter,80 Wis.2d at 63. *Page 23 
Decisions of the family court commissioner are subject to review by the judge of the branch of the court to which the case has been assigned upon the motion of any party. Sec. 767.13 (1m), Stats. However, where the family court commissioner is not exercising a decision-making function but is merely acting to carry out existing judgments or orders, such activity is not in conflict with other family court commissioner activities of an advisory nature to the extent that he still acts in an advisory capacity.
If the enforcement remedy chosen is a contempt proceeding, the family court commissioner's participation is proper in remedial actions. Under section 757.69 (7), a court commissioner must refer to a court of record for appropriate action every alleged showing of contempt in the carrying out of the lawful decisions of the commissioner. Similarly, section 785.06 provides that a court commissioner or a party to the action or proceeding may petition the circuit court "for a remedial or punitive sanction specified in s. 785.04 . . . ." Although the family court commissioner can recommend remedial or punitive sanctions, he probably would be precluded from participating in further proceedings where punitive sanctions are recommended.
 2. What activities of a family court commissioner constitute "advising" the trier of fact such that a conflict of interest is created should the family court commissioner bring a contempt proceeding in a specific matter?
In Strandberg, 27 Wis.2d at 566, which was decided before the duties of the office were substantially redefined by chapter 105, Laws of 1977, the court warned against increased use of the family court commissioner where such use would undermine his position as investigator and conciliator. There appear to be areas, however, where the family court commissioner is mandated and able to carry out functions other than "advising" the trier of fact. If the petition or other relevant document does not seek or advocate any change in the relative positions of the parties on any issues triable to the court, it is my opinion that the family court commissioner can initiate and pursue that proceeding. As for specific instances, the activities in which the family court commissioner might engage are too numerous to discuss in this opinion. Obviously any close questions should be resolved by the family court commissioner not appearing in the proceedings. *Page 24 
 3. Is there a conflict of interest if a family court commissioner gives "advice" in one matter and brings contempt proceedings in another but never engages in both activities in a single matter?
This question is somewhat general in nature, and an attempt to address the issue raised would either produce meaningless generalities or a lengthy discussion of many corollary issues. Your letter does not contain enough specific facts for me to properly evaluate the problem.
There is no conflict of interest, in my opinion, if no personal interest is represented. If the family court commissioner is not acting, in effect, as an advocate for one of the parties, he is seeking to do in an enforcement proceeding no more than enforcing the court's own orders and judgments.
The legislative command in section 767.29 (1) "take such proceedings as either of them deems advisable to secure the payment of the sum including enforcement by contempt proceedings under ch. 785" means that either the family court commissioner or the clerk should petition the circuit court under section 785.06. In doing so, the family court commissioner simply would be reporting nonpayment to the court and initiating the contempt proceeding rather than conducting the contempt proceeding. This action is consistent with the family court commissioner's role as "advisor" to the court.
If your question is limited to two matters involving totally different parties, I fail to see how there could be a conflict of interest merely because the family court commissioner engages in differing activities. Even in the same matter with the same parties, there are proceedings where the family court commissioner's participation would not present a conflict of interest while participation in other activities might result in such a conflict.
 4. Who does the family court commissioner represent when bringing a contempt action pursuant to § 767.29 (1), Wisconsin Statutes?
The family court commissioner is an integral and necessary representative of the public interest in all divorce cases, and it is contrary to the legislatively expressed public interest if the family court commissioner either neglects to perform his statutory duties or is prevented from performing them by his premature and summary dismissal or withdrawal from the case. deMontigny v. de *Page 25 Montigny, 70 Wis.2d 131, 141-42, 233 N.W.2d 463 (1975). The powers of the family court commissioner should be liberally construed to the end that such public interest is properly protected. Masters v. Masters, 13 Wis.2d 332, 342,108 N.W.2d 674 (1961).
The role of the family court commissioner in divorce matters is so important for the protection of the interest of the state that section 767.14 requires all pleadings to be served upon him and prohibits a judgment unless this requirement is satisfied.Bottomley v. Bottomley, 38 Wis.2d 150, 157, 156 N.W.2d 447
(1968). The court, 38 Wis.2d at 158, further explained the family court commissioner's role as follows:
 The people of Wisconsin have declared in sec. 245.001 (2), Stats., that marriages in this state are not to be treated as contracts in which only the immediate parties are interested. The interest of the public must always be taken into account. The family court commissioner is the protector of that public interest. He is not to be considered as being merely an aide of the court or an amicus curiae. Rather he has the heavy duty and responsibility of representing the public interest in every action involving marriage and the family.
The family court commissioner represents the public interest when he brings a contempt proceeding to enforce an existing order or judgment of the court. The court on its own initiative may issue an order requiring the payer to show cause at some reasonable time why he or she should not be punished for failing to satisfy a financial obligation under chapter 767. Sec. 767.305, Stats. In bringing an enforcement proceeding, the family court commissioner is merely reporting nonpayment to the court for appropriate judicial action. This is similar to the court commissioner's authority to refer applicable cases to the court for enforcement for nonpayment or to refer to a court of record for appropriate action every alleged showing of contempt in the carrying out of the lawful decisions of the commissioner. Sec.757.69 (1)(c) and (7), Stats. However, the family court commissioner ceases to represent the public interest and steps over the bounds of propriety whenever he advocates a change in the position of parties or represents the personal interests of one of the parties.
DJH:DPJ *Page 26