IN RE the MARRIAGE OF:

Gail M. WASHINGTON, Petitioner-Appellant-Petitioner,

v.

Melvin K. WASHINGTON, Respondent-Respondent.

Supreme Court

*No. 98–1234. Oral argument March 14, 2000.—Decided June 7, 2000.*

2000 WI 47

(Also reported in 611 N.W.2d 261.)

For the petitioner-appellant-petitioner, there were briefs by *Donald Roy Fraker* and *Fraker Law Firm, S. C.*, Mequon, and oral argument by *Donald Roy Fraker*.

For the respondent-respondent, there was a brief by *Melvin K. Washington*, Milwaukee, and oral argument by *Melvin K. Washington*.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of an unpublished decision of the court of appeals, *Washington v. Washington*, No. 98–1234, unpublished slip op. (Wis. Ct. App., June 9, 1999), affirming an order of the circuit court for Ozaukee County, Joseph D. McCormack, Circuit Judge. The circuit court denied Gail M. Washington's post-divorce motion to grant her appreciation and interest, from the date of divorce until pension payments begin, on her award of a lump-sum share of her ex-husband Melvin K. Washington's federal employee pension. The circuit court held that Wis. Stat. § 767.32(1)(a)(1997–98) prohibited the circuit court from modifying or revising the provisions of the judgment and order with respect to the final division of property.[1]

¶ 2. Although the court of appeals expressed concern that the result was unfair to Mrs. Washington, it affirmed the order of the circuit court. The court of

---

[1] Wisconsin Stat. § 767.32(1)(a)(1997–98) provides in pertinent part as follows: ". . . nor shall the provisions of a judgment or order with respect to final division of property be subject to revision or modification."

Unless otherwise noted, all references to the Wisconsin Statutes are to the 1997–98 volumes.

appeals concluded that the circuit court was barred by Wis. Stat. § 767.32(1)(a) from modifying or revising the provisions of the judgment and order with respect to the final division of property.

¶ 3.   This case presents an issue of law pertaining to the power of a circuit court over the final division of property in a divorce judgment. More specifically the legal issue is whether a circuit court may construe its judgment and allocate appreciation and interest on a lump-sum share of a pension awarded to a spouse (but not payable immediately) when the final division of property in the divorce judgment is silent about any such allocation. The court decides this question of law independently of other courts, benefiting from the analyses of the circuit court and court of appeals.

¶ 4.   We conclude that a circuit court may construe the final division of property in a divorce judgment and allocate appreciation and interest on a pension when the divorce judgment is silent about the allocation of appreciation and interest on a lump-sum share awarded to a spouse but not payable immediately. The silence about appreciation and interest makes the judgment ambiguous. A circuit court's construction of the ambiguous final division of the pension in this divorce judgment does not violate Wis. Stat. § 767.32(1)(a).[2] Accordingly we reverse the decision of

---

[2] Because we conclude that the circuit court had the power to construe the final division of property in the present case, we need not determine whether the circuit court could have relieved Mrs. Washington of that part of the judgment relating to the division of the pension under Wis. Stat. § 806.07(1)(h).

Section 806.07(1)(h) provides in pertinent part:

On motion and upon such terms as are just, the court. . .may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

the court of appeals and remand the cause to the circuit court to determine the allocation of appreciation and interest to the spouses under the final division of property in the divorce judgment.

## I

¶ 5. The relevant facts are not in dispute. The Washingtons' divorce proceedings began in the summer of 1991. After a series of hearings, the circuit court decreed on May 19, 1993, that the couple was divorced. Because of continuing disputes between the parties, however, the findings of facts, conclusions of law and judgment were not entered until December 1995.

¶ 6. In December 1995, the circuit court determined the final division of the property, with each party getting one-half. Included in the property to be divided was Mr. Washington's interest in his U.S. Civil Service Retirement System pension. The federal pension plan was valued at $50,273 as of the time of the divorce. Desiring to maintain an equal property division of all the property, the circuit court awarded Mrs. Washington $23,910 of the pension and awarded Mr. Washington $26,363. The judgment made no mention of interest or appreciation on either party's lump-sum share of the pension or when or how payment of the

---

(h) Any other reasons justifying relief from the operation of the judgment.

Wisconsin Stat. § 806.07(1)(h) has been applied in divorce cases. "Although a property division is not subject to the court's continuing jurisdiction and may not be modified based on a change of circumstances under sec. 767.32(1), sec. 806.07 gives the court discretionary authority to grant relief from the judgment." *Thorpe v. Thorpe*, 123 Wis. 2d 424, 426, 367 N.W.2d 233 (Ct. App. 1985). *See also Spankowski v. Spankowski*, 172 Wis. 2d 285, 290, 493 N.W.2d 737 (Ct. App. 1992).

federal pension was to be made. The judgment is silent about any details of the division of the pension except for the value of the total pension and the lump-sum division between the spouses at the time of the divorce judgment.

¶ 7.   Mr. Washington is not expected to begin receiving payments of his federal pension until his retirement, which is anticipated to be approximately 21 years from the date of the divorce judgment. Mrs. Washington will not get her share under the divorce judgment until payments are made to Mr. Washington.

¶ 8.   Supplemental documents were needed to effectuate the court's division of the pension. In 1997, the federal Office of Personnel Management, which handles federal employee pension benefits, informed Mr. Washington that in order to process the award to Mrs. Washington the divorce judgment must include language specifically referring to the Office of Personnel Management and particular provisions in the code of federal regulations.

¶ 9.   As a result, Mr. Washington filed a motion in circuit court requesting that the judgment be amended by adding the language suggested by the Office of Personnel Management. When Mr. Washington proposed this amendment of the final division of the property in the divorce judgment, the parties became aware of the ambiguity resulting from the silence of the judgment regarding the allocation of appreciation and interest on the pension division. The parties debated the correct construction of the circuit court's division of the federal pension. Mr. Washington urged that at the time of his retirement Mrs. Washington would receive her specified lump-sum share of the pension and that he alone would receive any and all appreciation and interest that accumulated on both spouses' shares.

¶ 10. Mrs. Washington asserted that, in keeping with the circuit court's intent to divide the property equally, she would receive appreciation and interest on her lump-sum share of the pension and that Mr. Washington would receive appreciation and interest on his lump-sum share of the pension.

¶ 11. Paying out Mrs. Washington's share of the pension 21 years after the divorce, without giving her the benefit of appreciation and interest, would result in her receiving only the $23,910 the circuit court awarded her in the final division in 1995. In contrast, allocating to Mr. Washington all the appreciation and interest for 21 years would result in his receiving far more than the $26,363 the circuit court awarded him in the final division in 1995. The result is that the two would not receive an equal division of the property as the circuit court intended. We assume that the court of appeals was referring to this inequality in the division of the pension when it concluded that the result of the circuit court decision was unfair to Mrs. Washington.

¶ 12. Concurrent with Mr. Washington's motion in the circuit court to amend the judgment to comply with the federal requirements for distribution of the federal pension under the divorce judgment, Mrs. Washington filed a motion asking the circuit court to amend its 1995 divorce judgment to award her appreciation and interest on her lump-sum share of the pension. The circuit court granted Mr. Washington's motion to amend the judgment but denied Mrs. Washington's motion to amend the judgment.

II

¶ 13. Mr. Washington claims that his motion to amend the final division of property in the judgment is permissible in order to put the judgment into effect, but

that Mrs. Washington's motion to amend the final division of property in the judgment violates Wis. Stat. § 767.32(1)(a).[3] The statute reads in relevant part: ". . . nor shall the provisions of the judgment or order with respect to final division of property be subject to revision or modification. . . ." One of the purposes of Wis. Stat. § 767.32(1)(a) is to achieve finality in divorce decrees for property divisions. A significant aspect of justice is finality of decisions, and the court takes this legislative goal of finality seriously. Furthermore, when a marriage ends, the law envisions the parties as having an opportunity to be independent of each other and go their separate ways in regards to their property.

¶ 14. Nevertheless, the legislature and the courts recognize that a final division of property in a divorce judgment does not always resolve all matters between the parties and that remedial action by the

---

[3] Mr. Washington argues that, in addition to Wis. Stat. § 767.32(1), the federal regulations governing the distribution of his pension bar Mrs. Washington's request for appreciation and interest. He argues that 5 C.F.R. § 838.123 puts the burden on the non-employee spouse to present to the federal Office of Personnel Management a proper court order and related documents to enable the non-employee spouse to receive portions of the pension. Mr. Washington also notes that 5 C.F.R. § 838.235, regarding state court judgments that do not specify how the pension sums are to be distributed, does not specifically account for appreciation.

We reject this argument based on the federal regulations. The federal regulations are concerned with how distributions from federal pensions get paid from the federal government to former spouses; they do not regulate or restrict the amount that can be awarded by state courts. Indeed, 5 C.F.R. § 838.122 specifically gives state courts the responsibility for issuing the orders to pay benefits and for settling disputes between the employee and former spouse.

circuit court may be needed to effectuate the objectives of the final division without disrupting the finality of the judgment. While the final division of property in a divorce judgment is indeed final, the jurisdiction of the court "continue[s] until the property [is] disposed of pursuant to the provisions of the division contained in the judgment of divorce."[4] Section 767.01(1) vests in the circuit courts the authority to do all things "necessary and proper" in actions affecting the family and "to carry [the courts'] orders and judgments into execution."

¶ 15. Wisconsin Stat. § 767.32(1)(a) should not be interpreted to strip a circuit court of its authority to put its judgment in effect. Without the authority to do all things necessary and proper to carry out the provisions of a divorce judgment, the judgment would have no effect.[5] So although a circuit court may not revise or modify the final division of property, this court has recognized that by virtue of § 767.01(1) the circuit court has the power to effectuate its orders and do justice. *Rotter v. Rotter*, 80 Wis. 2d 56, 62–63, 257 N.W.2d 861 (1977).[6]

---

[4] *Morrissette v. Morrissette*, 99 Wis. 2d 467, 470, 299 N.W.2d 590 (Ct. App. 1980)(quoting *Yelk v. Yelk*, 20 Wis. 2d 35, 41, 121 N.W.2d 225 (1963)). *See also Roeder v. Roeder*, 103 Wis. 2d 411, 419, 308 N.W.2d 904 (Ct. App. 1981).

[5] *Rotter v. Rotter*, 80 Wis. 2d 50, 62–63, 257 N.W.2d 861 (1977).

[6] An order to show cause is commonly issued by circuit courts to attain compliance with judgment provisions. *Morrissette*, 99 Wis. 2d at 470 (citing *Foregger v. Foregger*, 40 Wis. 2d 632, 646, 162 N.W.2d 553 (1968)).

*See* Wis. Stat. § 767.305 for enforcement provisions including contempt.

¶ 16. Thus in this case the circuit court could "amend" the final division of property in the divorce judgment to add the language required by the federal government to effectuate the division of the pension. Accordingly the circuit court could and did grant Mr. Washington's motion to add the necessary language. But the silence in the final division of the property created an ambiguity about the allocation of appreciation and interest on the shares of the pension in light of the equal division of the property.

¶ 17. A divorce judgment that is clear on its face is not open to construction.[7] In contrast, if a divorce judgment is ambiguous, construction is allowed.[8] Divorce judgments are to be construed as of the time of entry[9] and in the same manner as other written instruments.[10] The court will consider the whole record in construing a divorce judgment.[11]

¶ 18. Ambiguity exists when the language of the written instrument is subject to two or more meanings, either on its face or as applied to the extrinsic facts to

[7] *Wright v. Wright*, 92 Wis. 2d 246, 255, 284 N.W.2d 894 (1979); *Jacobson v. Jacobson*, 177 Wis. 2d 539, 547, 502 N.W.2d 869 (Ct. App. 1993).
[8] *Wright v. Wright*, 92 Wis. 2d 246, 255, 284 N.W.2d 894 (1979); *Jacobson v. Jacobson*, 177 Wis. 2d 539, 547, 502 N.W.2d 869 (Ct. App. 1993).
[9] *Wright v. Wright*, 92 Wis. 2d 246, 254, 284 N.W.2d 894 (1979).
[10] *Vaccaro v. Vaccaro*, 67 Wis. 2d 477, 482, 227 N.W.2d 62 (1975); *Fessler v. Fessler*, 147 Wis. 2d 1, 8, 432 N.W.2d 103 (Ct. App. 1988).
[11] *Wright v. Wright*, 92 Wis. 2d 246, 255, 284 N.W.2d 894 (1979); *Jacobson v. Jacobson*, 177 Wis. 2d 539, 547, 502 N.W.2d 869 (Ct. App. 1993).

which it refers.[12] Determining whether an ambiguity exists is a question of law.[13]

¶ 19.  Mrs. Washington may avoid the proscription of Wis. Stat. § 767.32(1)(a) if her motion seeks to clarify the circuit court's ambiguous division of the federal pension, rather than to revise or modify the final division of property. The words "revise" and "modify" prohibited by § 767.32(1)(a) refer to change or alter; the word "clarify" as used by Mrs. Washington's brief means to make clear or intelligible, to free from ambiguity. The line between impermissible modification and revision on the one hand and permissible construction and enforcement of an ambiguous final division of property on the other hand may in some cases be difficult to discern. Nevertheless, the statute and the case law make the distinction between the competing interests of finality of judgments and the need for circuit courts to have the power to effectuate their judgments, including ambiguous judgments.

¶ 20.  Numerous divorce cases demonstrate that after a final division of property, problems may arise that require the circuit court to construe a final division of property in a divorce judgment, in order to effectuate the judgment. For example, in *Mathewson v. Mathewson*, 135 Wis. 2d 411, 400 N.W.2d 485 (Ct. App. 1986), three years after a final division of property in a divorce judgment the parties disputed the division of the proceeds of the sale of the parties' real estate. The judgment was silent on the allocation of the expenses of the sale and the interest due to the husband under the divorce judgment. The court of appeals ordered the cir-

[12] *Schultz v. Schultz*, 194 Wis. 2d 799, 805–06, 535 N.W.2d 116 (Ct. App. 1995).

[13] *Schultz v. Schultz*, 194 Wis. 2d 799, 806, 535 N.W.2d 116 (Ct. App. 1995).

cuit court to make a finding regarding the parties' obligations to each other on the sale. *Mathewson*, 135 Wis. 2d at 418–19.

¶ 21.   In *Dewey v. Dewey*, 188 Wis. 2d 271, 525 N.W.2d 85 (Ct. App. 1994), two years after the final division of property in a divorce judgment the husband retired and began receiving pension benefits. The wife moved the circuit court for an order requiring the husband to execute documents to divide the pension as provided by the judgment. The husband maintained that under the divorce judgment he owed his wife a sum of money rather than an interest in the pension and his debt to her was discharged by bankruptcy. The court of appeals upheld the circuit court's construction of the judgment as giving the wife a 50% property interest in the pension at the time of the divorce that was not dischargeable in bankruptcy.

¶ 22.   In *Schultz v. Schultz*, 194 Wis. 2d 799, 535 N.W.2d 116 (Ct. App. 1995), the final division of property in a divorce judgment gave the husband a right of first refusal if the wife "desires to sell, assign, or transfer" the family home within 10 years of the divorce. The wife died three years after the divorce, still owning the home at the time of her death. The husband asserted that the wife's death triggered his right of first refusal; the wife's estate disagreed. The husband filed a motion with the circuit court to enforce his alleged right of first refusal. The circuit court concluded that although the judgment spoke only of sale, assignment or transfer and was silent about whether the right of first refusal was against the wife personally or ran with the land, the correct construction of the judgment was that the right of first refusal ran with the land. The circuit court reasoned that any other construction would in effect

repeal a central part of the judgment that recognized the husband's interest in the home.

¶ 23. On appeal by the estate, the court of appeals concluded, as a matter of law, that the divorce judgment was ambiguous and that the circuit court was clarifying, not modifying, the judgment. *Schultz*, 194 Wis. 2d at 809. The *Schultz* case has been cited and followed in other decisions of the court of appeals.

¶ 24. In *Rotter v. Rotter*, 80 Wis. 2d 56, 257 N.W.2d 861 (1977), the divorce judgment ordered the husband to cooperate in getting health insurance coverage for the wife. The husband failed to do so. The wife later incurred substantial medical indebtedness, and the trial court ordered the husband to pay part of the indebtedness. The trial court specifically stated that its order was not intended as a modification of the divorce judgment. The supreme court held that the order was authorized by the precursor of Wis. Stat. § 767.01, which vested authority in the trial court to enforce its judgment. *Rotter*, 80 Wis. 2d at 62–63.

¶ 25. We conclude that Wis. Stat. § 767.32(1)(a) does not bar construction of an ambiguous final division of property in a divorce judgment. Section 767.01(1) grants power to the circuit courts to effectuate a divorce judgment by construing an ambiguous provision in a final division of property, and the case law demonstrates that circuit courts have exercised this power with the approval of this court and the court of appeals.[14]

---

[14] Cases in which a circuit court construes a final division of property in a divorce judgment arise with some frequency. We cite the unpublished court of appeals decisions not for precedential authority, *see* Wis. Stat. § 809.23(3), but rather to demonstrate that this factual scenario presents itself in a num-

## III

¶ 26. We now turn to the question of whether the final division of property in the divorce judgment in this case is ambiguous and in need of construction. As we stated previously, whether a judgment is ambiguous is a question of law that we determine independently of other courts, benefiting from the analyses of the circuit court and the court of appeals.

ber of cases. *See, e.g., Arneson v. Arneson*, 97–2509–FT, unpublished slip op at 2 (Wis. App. 1998) (circuit court permissibly interprets ambiguous language in final property division of divorce judgment); *Stred v. Stred*, 82–2232, unpublished slip op (Wis. App. 1984) (circuit court permissibly interprets the sale date of property as a reasonable time from judgment when the final division of property did not specify the sale date); *Jacobson v. Jacobson*, 177 Wis. 2d 539, 546–47, 502 N.W.2d 869 (Ct. App. 1993) (construing the divorce judgment to determine whether payments were maintenance or property division).

Our decision allowing such construction is consistent with decisions of other states that also have statutory prohibitions against modifying property divisions in divorce judgments. *See, e.g., McGee v. McGee*, 749 So. 2d 193, 194 (Ala. Civ. App. 1999) (court's order regarding division of "antiques" was clarification of ambiguous provision and not impermissible modification); *Garris v. Garris*, 643 So. 2d 993 (Ala. Civ. App. 1999) (court's failure to provide for tax consequences of IRA investments left original divorce order ambiguous and subject to permissible clarification and enforcement with new order); *Ford v. Ford*, 783 S.W.2d 879, 880–81 (Ark. Ct. App. 1990) (recognizing court's inherent power to correct judgments where necessary to reflect intent of judgment, even a property division in a divorce judgment); *Echols v. Echols*, 900 S.W.2d 160, 162–63 (Tex. Ct. App. 1995) (court's order awarding ex-wife money was not impermissible modification of divorce judgment but rather clarification of judgment made ambiguous by facts not anticipated by court's original judgment).

*Schultz v. Schultz*, 194 Wis. 2d 799, 805, 535 N.W.2d 116 (Ct. App. 1995). A written document is ambiguous if it is reasonably susceptible to more than one meaning. *Schultz*, 194 Wis. 2d at 805–06.

¶ 27. We conclude that the final division of the pension in this divorce judgment, which fails to provide for allocation of appreciation and interest from the date of the divorce until distribution of the pension, is open to several reasonable meanings: (1) the appreciation and interest should be pro-rated and allocated to each spouse on the basis of the lump-sum share awarded in the divorce judgment; (2) all of the appreciation and interest should be awarded to the wife; or (3) all of the appreciation and interest should be awarded to the husband.

¶ 28. The circuit court went to great lengths in this case to ensure that the property was divided equally between the spouses. Yet failure to consider the allocation of appreciation and interest on the pension could result in an unequal division of the property and contravene the objective of the divorce judgment. The result of the circuit court's holding that it had no authority under Wis. Stat. § 767.32(1)(a) to construe the divorce judgment was, in effect, a decision to give Mr. Washington approximately 21 years of appreciation and interest on the lump-sum shares awarded to both spouses. This result appears contrary to the circuit court's objective for the final division of property and "unfair," as the court of appeals stated.

¶ 29. In addition to considering the language of the judgment, we consider the nature of the property at issue in determining whether the final division of the property in the divorce judgment is ambiguous.

■

¶ 30. In many divorce proceedings the employee pension benefits of one or both spouses are the most significant assets owned by the couple. *Bloomer v. Bloomer*, 84 Wis. 2d 124, 129, 267 N.W.2d 235 (1978). Allocating appreciation and interest on a pension payable in the future, as well as discounting pension benefits to present value, are recurring issues in circuit courts. The circuit courts retain broad discretion in valuing pension rights and dividing them between the spouses. *See, e.g., Olski v. Olski*, 197 Wis. 2d 237, 248, 540 N.W.2d 412 (1995); *Bloomer*, 84 Wis. 2d at 134; *Steinke v. Steinke*, 126 Wis. 2d 372, 383, 376 N.W.2d 839 (1985); *Alby v. Alby*, 155 Wis. 2d 286, 290, 455 N.W.2d 632 (Ct. App. 1990).

¶ 31. Yet valuing and dividing pension benefits is one of the most difficult matters a circuit court faces in the final division of property in a divorce judgment. *Olski*, 197 Wis. 2d at 248; *Bloomer*, 84 Wis. 2d at 129–30. As one commentator put it: "The complexity of classifying, valuing and dividing these plans is unmatched by any other issue in any area of modern law." Brett R. Turner, *Equitable Distribution of Property* 288 (2d ed. 1994).

¶ 32. In *Corliss v. Corliss*, 107 Wis. 2d 338, 347, 320 N.W.2d 219 (Ct. App. 1982), the court of appeals concluded that a circuit court may exercise discretion in determining whether to award interest on a property division payable in future installments. But if a circuit court does not award interest in such a division, the court must state its reasons for not doing so, since persons are generally required to pay interest on money owed. Either by awarding interest or by considering the present value of the property payable in the future, the circuit court compensates a recipient spouse

who will receive the award in the future. *See also Jasper v. Jasper*, 107 Wis. 2d 59, 69–70, 318 N.W.2d 792 (1982) (one party making installment cash payment over extended period to compensate other party for interest the award would earn during installment period). Although the *Corliss* and *Jasper* cases do not specifically address pensions with deferred payments, the principles set forth in those cases are applicable to this case. The circuit court's failure to explain what provision was being made for the allocation of appreciation and interest on the pension between the date of the divorce and distribution of the pension makes for an ambiguous judgment in this case.

¶ 33.   Furthermore, parties and circuit courts frequently fail to work out the details of the final division of a pension until after a divorce judgment. The present case illustrates this practice. It was not until after the divorce judgment and after Mrs. Washington urged that steps be taken to finalize the division of the pension that the parties explored dividing the pension with the appropriate federal authorities. Mr. Washington, a lawyer, undertook this task himself with the permission of the circuit court, although the parties to a divorce often hire a professional technical support service to draft and submit the required documents to implement a final division of a pension.[15] Mrs. Washington had suggested hiring such a service.

¶ 34.   In light of the limited language about the pension in this judgment, the complexity of dividing pensions, and the understanding that more work

---

[15] *See* William M. Troyan, *Moving Beyond Pension Evaluation: Deferred Pay Program Evaluation for Marriage Dissolution Actions—An Evaluator's Perspective*, ch. 45 at 45–2 in 3 Lexis Publishing, Valuation Distribution of Marital Property (Rel. 20–1/96 Pub. 133).

would be needed in this case to divide the pension, it would be unreasonable to read Wis. Stat. § 767.32(1)(a) as prohibiting the circuit court from construing the final division of the pension in order to allocate appreciation and interest on the pension. Such a reading would trump the circuit court's powers as set forth in § 767.01(1).

■

¶ 35. In sum, on the basis of Wis. Stat. §§ 767.32(1)(a) (barring revision and modification of a final division) and 767.01(1) (authorizing a circuit court to effectuate its judgments), the language and objective of this divorce judgment, and the nature of the property at issue, we conclude that the final judgment is ambiguous about the allocation of appreciation and interest on the pension between the date of the divorce and distribution of the pension. Accordingly, we conclude that the circuit court should determine the allocation of appreciation and interest on the pension under the final division of property in the divorce judgment.

¶ 36. For the foregoing reasons we reverse the decision of the court of appeals and remand the cause to the circuit court to determine the allocation of appreciation and interest on the pension under the final division of property in the divorce judgment.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded.