Elizabeth L. MORRISON, Plaintiff-Appellant,

v.

Thomas V. RANKIN, M.D., Medical Protective Company and Wisconsin Patients Compensation Fund, Defendants-Respondents,

SACRED HEART HOSPITAL, Defendant,

PHYSICIANS PLUS INSURANCE CORP., CIGNA Healthcare and Medicare Parts A & B, Subrogated Defendants.

Court of Appeals

*No. 2008AP422. Submitted on briefs August 5, 2008. —Decided September 16, 2008.*

2008 WI App 158

(Also reported in 760 N.W.2d 441.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *C.M. Bye* and *Tracy N. Tool*, of *Bye, Goff, Rohde & Skow, Ltd.* of River Falls.

On behalf of the defendants-respondents, the cause was submitted on the brief of *William R. Wick* and *Eric G. Nycz* of *Nash, Spindler, Grimstad & McCracken, LLP*, of Manitowoc.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J.   Elizabeth Morrison appeals an amended judgment following a motion for satisfaction of judgment by Medical Protective Company. Morrison contends the circuit court erroneously modified the original judgment after concluding that Medical Protective paid the appropriate amount of post-settlement-offer interest under Wis. Stat. § 807.01(4).[1] We reject Morrison's arguments and affirm the judgment.

## BACKGROUND

¶ 2.   As relevant here, the underlying case was a medical malpractice action brought by Morrison against Dr. Thomas Rankin, Medical Protective, and the Wisconsin Patients Compensation Fund. Jury verdicts in Morrison's favor became final on January 20, 2006, after the court determined the present value of future economic damages pursuant to the parties' stipulation. The final award totaled $2,065,326.20.

¶ 3.   Of this award, Medical Protective was responsible for its $1,000,000 policy limit, with the balance being allocated to the Fund. However, because Medical Protective declined a $1,000,000 pretrial settlement offer from Morrison, Medical Protective was also

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

responsible for interest[2] and double taxable costs under WIS. STAT. § 807.01(3)-(4).

¶ 4. After an unsuccessful appeal of the judgment, *see Morrison v. Rankin*, 2007 WI App 186, 305 Wis. 2d 240, 738 N.W.2d 588, *review denied* (WI Nov. 15, 2007) (No. 2006AP980), Medical Protective tendered payment of $2,127,818.21 to Morrison. This amount included its $1,000,000 policy limit, double taxable costs, and interest on the $2,065,326.20 verdict from the date of the settlement offer to the date of payment.

¶ 5. Morrison refused to sign a satisfaction of judgment, prompting Medical Protective to file a motion for satisfaction of judgment with the circuit court. Morrison opposed the motion, claiming she was entitled to more interest. She proposed a two-stage calculation of WIS. STAT. § 807.01(4) interest. In the first stage, which ran from the time of the settlement offer until the time of judgment, she computed interest on the same amount as Medical Protective, which was the $2,065,326.20 verdict. However, after the time of judgment, Morrison calculated interest differently. In this second stage of her computation, Morrison calculated interest on $2,737,909.37, which was the total of: the verdict amount, $2,065,326.20; interest up to the time of judgment, $645,607.95; and double taxable costs, $26,975.22.[3] According to Morrison, this calculation entitled her to an extra $161,444.03 in interest.

---

[2] At the hearing on Medical Protective's motion for satisfaction of judgment, it was undisputed that Medical Protective, as the primary insurer, was responsible for interest on the whole verdict, not just its $1,000,000 policy limit.

[3] Before the circuit court, Morrison also computed interest on a separate $11,000 judgment rendered against Dr. Rankin personally. On appeal, Morrison clarifies that she is not seeking interest on the $11,000. To avoid unnecessary confusion, we

¶ 6. Morrison claimed language in the judgment mandated her interest calculation. She relied on language granting judgment "against the defendant Medical Protective Company in the amount of $1,672,583.17, including prejudgment interest and double costs under WIS. STAT. § 807.01, and interest from January 20, 2006 at the rate of 12% per annum . . . ."[4]

¶ 7. The circuit court acknowledged that the judgment language was confusing, but rejected Morrison's arguments and concluded that interest under WIS. STAT. § 807.01(4) was calculated on the $2,065,326.20 verdict from the date of the settlement offer until the judgment was paid. The court signed an amended judgment, which changed the judgment amount against Medical Protective to $2,127,818.21, equaling the amount Medical Protective paid.

## DISCUSSION

¶ 8. Morrison asserts her calculation of interest is consistent with WIS. STAT. § 807.01(4). She also argues the original judgment mandated her calculation of interest and the circuit court had no authority to modify the judgment.

¶ 9. We first address whether Morrison's calculation of interest is consistent with WIS. STAT. § 807.01(4), which states:

> If there is an offer of settlement by a party under this section which is not accepted and the party recovers a

omit this $11,000 from our description of Morrison's position in the circuit court above.

[4] The $1,672,583.17 included: Medical Protective's $1,000,000 policy limits; post-settlement offer interest up to the time of judgment of $645,607.95; and double taxable costs of $26,975.22.

judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8).

How interest is calculated under § 807.01(4) presents a question of statutory construction, which we review without deference to the circuit court. *Upthegrove Hardware, Inc., v. Pennsylvania Lumbermans Ins. Co.,* 152 Wis. 2d 7, 11, 447 N.W.2d 367 (Ct. App. 1989).

¶ 10. Morrison's calculation of interest is inconsistent with the plain language of WIS. STAT. § 807.01(4). That statute makes no distinction between pre- and postjudgment interest. It specifies that interest is calculated on a single amount, "the amount recovered," over one period of time, "from the date of the offer of settlement until the amount is paid." WIS. STAT. § 807.01(4). Morrison's two-stage calculation of interest, utilizing two time periods and two amounts recovered, cannot be reconciled with the language of § 807.01(4).[5]

■

¶ 11. Further, in *Upthegrove,* 152 Wis. 2d at 14–15, we concluded that WIS. STAT. § 807.01(4) provides for simple, not compound, interest. Because the amount on which Morrison calculates interest after

---

[5] While Morrison includes double taxable costs in the $2,737,909.37 on which she claims interest after the judgment should be calculated, neither parties' argument directly address the issue of earning interest on double taxable costs. We note that double taxable costs under WIS. STAT. § 807.01(3) are not part of the "amount recovered" for the purpose of calculating interest under WIS. STAT. § 807.01(4). *American Motorists Ins. Co. v. R & S Meats, Inc.,* 190 Wis. 2d 196, 215, 526 N.W.3d 791 (Ct. App. 1994).

the judgment includes interest calculated before the judgment, her calculation results in compounding § 807.01(4) interest. Therefore, in addition to being contrary to the plain language of § 807.01(4), Morrison's interest calculation is contrary to our decision in *Upthegrove*.

¶ 12.   Morrison argues that another part of our decision in *Upthegrove* supports her position. In *Upthegrove*, we also addressed the interaction of WIS. STAT. § 807.01(4) with another interest statute, WIS. STAT. § 628.46(1), which applies to the untimely payment of insurance claims. *Upthegrove*, 152 Wis. 2d at 13–14; WIS. STAT. § 628.46(1). We concluded § 628.46(1) interest terminates at the time of a settlement offer, when § 807.01(4) interest begins. We also concluded that § 628.46(1) interest becomes part of the "amount recovered" for the purpose of calculating § 807.01(4) interest. *Upthegrove*, 152 Wis. 2d at 13–14.

¶ 13.   However, our application of two interest statutes in *Upthegrove* is consistent with our application of one interest statute here. In *Upthegrove*, there was only one calculation of WIS. STAT. § 807.01(4) interest, applying one "amount recovered" over one time period. The fact that WIS. STAT. § 628.46(1) interest became part of the "amount recovered" in *Upthegrove* provides no support for dividing the § 807.01(4) interest calculation here.

¶ 14.   Morrison also argues that WIS. STAT. §§ 814.04(4) and 815.05(8) support her position. Section 814.04(4) provides for interest during the time between verdict and judgment, while § 815.05(8) provides for postjudgment interest.[6] Morrison contends

---

[6] WISCONSIN STAT. § 814.04(4) states, "Except as provided in s. 807.01(4), if the judgment is for the recovery of money,

postjudgment interest under § 815.05(8) is earned on prejudgment interest under § 814.04(4). She then argues that WIS. STAT. § 807.01(4) should be applied in the same way. However, §§ 814.04(4) and 815.05(8) are irrelevant here. Section 807.01(4) plainly provides that interest under that section is "in lieu of interest computed under ss. 814.04(4) and 815.05(8)."

¶ 15. Next, we address Morrison's argument that the court inappropriately modified the judgment. Morrison contends the judgment mandates her interest calculation and the court "erred in re-opening and re-interpreting the issue of calculation of interest under the Judgment."

■

¶ 16. Courts interpret judgments in the same manner as other written instruments. *Estate of Schultz v. Schultz*, 194 Wis. 2d 799, 805, 535 N.W.2d 116 (Ct. App. 1995). While an unambiguous judgment is not open to construction, circuit courts have authority to clarify ambiguities in judgments. *See Washington v. Washington*, 2000 WI 47, ¶¶ 17, 19, 234 Wis. 2d 689, 611 N.W.2d 261. Ambiguity exists where the judgment is susceptible to more than one reasonable interpretation, either on its face or as applied to the extrinsic facts to which it refers. *Schultz*, 194 Wis. 2d at 805–06. We review independently whether ambiguity exists in a judgment. *Cashin v. Cashin*, 2004 WI App 92, ¶ 12, 273

interest at the rate of 12% per year from the time of verdict, decision or report until judgment is entered shall be computed by the clerk and added to the costs."

WISCONSIN STAT. § 815.05(8) states, "Except as provided in s. 807.01(4), every execution upon a judgment for the recovery of money shall direct the collection of interest at the rate of 12% per year on the amount recovered from the date of the entry of the judgment until it is paid."

Wis. 2d 754, 681 N.W.2d 255. However, when a judgment is ambiguous, we defer to the circuit court's clarification of the judgment's intended meaning. *Id.*

¶ 17.  The judgment language relied upon by Morrison grants judgment against Medical Protective "in the amount of $1,672,583.17, including prejudgment interest and double costs under Wis. Stat. § 807.01, and interest from January 20, 2006 at the rate of 12% per annum . . . ." Based on this language, Morrison argues the judgment plainly contemplates calculating interest during two distinct time periods. She then contends "the 'amount recovered' for the purposes of calculation of interest should have been $2,737,909.37, which takes the verdict total of $2,065,326.20 and adds to it $672,583.17 in pre-judgment interest and costs and from there calculates post-judgment interest."

¶ 18.  The problem with Morrison's argument is that the judgment does not state the amount on which interest after the judgment is calculated. While Morrison contends interest should be calculated on $2,737,909.37, nothing in the language of the judgment mandates that amount over the verdict amount of $2,065,326.20, which was the amount on which interest up to the time of judgment was calculated.

¶ 19.  Morrison's argument only demonstrates that the judgment was fairly susceptible to more than one interpretation and was therefore ambiguous. *See Schultz*, 194 Wis. 2d at 806. Because the judgment was ambiguous, the court did not err by clarifying the judgment's intended meaning. *See Cashin*, 273 Wis. 2d 754, ¶ 12.

*By the Court.*—Judgment affirmed.